145 F.3d 1340
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Leo SIMON, Plaintiff-Appellant,
v.
AUTOMATIC DATA PROCESSING, INC., Defendant-Appellee.
 No. 97-16315.
D.C. No. CV-95-00231-PGR.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 20, 1998.**
Decided April 27, 1998.
 
 Appeal from the United States District Court for the District of Arizona, Paul G. Rosenblatt, District Judge, Presiding.
 Before BRUNETTI, RYMER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Plaintiff Leo Simon appeals from the district court's grant of summary judgment in favor of defendant Automatic Data Processing, Inc. ("ADP"). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 3
 Simon is an African-American whose country of origin is Nigeria. Simon was hired by ADP in 1986 as a computer operator. Plaintiff claims that on January 6, 1994, he was "physically assaulted" in the workplace by a coworker, Rick Wood. The parties are familiar with the investigation completed by the employer and the EEOC. These facts need not be repeated here.
 
 
 4
 In his third amended complaint, plaintiff alleged he had been constructively discharged from his job at ADP because of his race and/or national origin, in violation of (i) Title VII of the Civil Rights Act of 1994, (ii) 42 U.S.C. § 1981, (iii) the Arizona Civil Rights Act, Arizona Revised Statute § 41-1463, and (iv) public policy. ADP moved for summary judgment on Simon's claims and on a counterclaim that ADP filed, and the district court granted the motion.
 
 
 5
 We review a grant of summary judgment de novo. Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Id.
 
 
 6
 Simon contends that the district court misconstrued and misapplied the law concerning constructive discharge. To establish a claim for constructive discharge, a plaintiff "must show that there are triable issues of fact as to whether a 'reasonable person in [his] position would have felt that [he] was forced to quit because of intolerable and discriminatory working conditions.' " Schnidrig v. Columbia Mach., Inc., 80 F.3d 1406, 1411 (9th Cir.1996) (citations omitted). Although the question whether working conditions were so intolerable and discriminatory as to justify resignation is normally reserved for the jury, a "single isolated incident" is generally "insufficient as a matter of law to support a finding of constructive discharge." Id. at 1411-12 (citations omitted). Instead, "a plaintiff alleging constructive discharge must show some aggravating factors, such as a continuous pattern of discriminatory treatment." Id. at 1412. The Arizona courts follow a "similar, if not identical, objective standard." Thomas v. Douglas, 877 F.2d 1428, 1434 (9th Cir.1989).
 
 
 7
 Simon contends he and Wood spoke while Wood was using a box cutter or knife to cut and open boxes. Simon claims that Wood turned to him, pointed the knife at him, and told him, "I've told you already I don't have any business with you" and "You stay out of my face." However, when asked if Wood pointed the knife at Simon because Simon was African-American, Simon conceded that "Rick Wood could have pointed the knife at anybody if somebody else was there." There is no evidence indicating that the alleged incident with Wood was racially motivated.
 
 
 8
 Simon also admitted that working with Wood, in of itself, was not intolerable. In fact, Simon conceded that he was willing to work with Wood as long as he felt Vicki Sever, a representative in the human resources department, was investigating his complaint.
 
 
 9
 The only conduct that Simon alleged was discriminatory related to his lack of "faith" that ADP would conduct a proper investigation. Our careful review of the summary judgment papers does not disclose a dispute of fact as to whether Simon's work conditions became so intolerable during his discussions with Sever or his supervisor as to force Simon to resign. In short, there is no evidence that creates an indication of racial discrimination.
 
 
 10
 Simon further contends that he presented numerous "aggravating factors" sufficient to demonstrate constructive discharge. However, the evidence did not create a dispute of fact with respect to those "aggravating factors." Simon's claims that ADP discriminated against other minorities was vague and entirely conclusory, based on rumors and hearsay, and the evidence submitted failed to create a disputed question of fact as to whether ADP discriminated against minorities.
 
 
 11
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3